UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| Plaintiff, | ) Cause No. |
| vs. | ) |
| IN YOUR EAR, LLC, a corporation, d/b/a Legend's Bar & Grill, **SERVE REGISTERED AGENT:** Stephanie G. Hazelton **AT REGISTERED ADDRESS:** 4600 Madison, Suite 650 Kansas City, MO  64112 | ) Division No. |
| and | ) |
| BECKY ANN EVANS, **SERVE AT:** 1202 NE 2nd Street Bentonville, AR  72712 | ) |
| and | ) |
| JOHN DAVID EVANS, **SERVE AT:** 212 Clay, Apt. 2 Pineville, MO  64856 | ) |
| and | ) |
| ANDREW CHARLES EVANS, **SERVE AT:** 1905 S.W. 28th Street, Apt. 24 Bentonville, AR   72712 | ) |
| and | ) |
| LISA LYNN ANDERSEN, **SERVE AT:** 507 Grandview Anderson, MO  64831 | ) |
| Defendants. | ) |

## COMPLAINT

## JURISDICTION

1.  Jurisdiction is founded on the existence of a question arising under particular statutes.  This action is brought pursuant to several statues, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq*., and The Cable & Television Consumer

1

Protection and Competition Act of 1992, as amended, Title 47 U.S.C. 553, *et seq.*

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendant(s) wrongful acts hereafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length. The Defendant(s) wrongful acts consisted of the interception, publication, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Missouri.

## VENUE

4. Pursuant to Title 47 U.S.C. 605, venue is proper in the Western District of Missouri, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5. The Plaintiff, Joe Hand Promotions, Inc., is, and at all relevant times mentioned was, a Pennsylvania corporation with its principal place of business located at 407 East Pennsylvania Boulevard, Feasterville, PA 19053.

6. Plaintiff is informed and believes, and alleges thereon that Defendant, IN YOUR EAR, L.L.C. is a corporation organized and existing under the laws of the State of Missouri and is/was doing business as Legend's Bar & Grill at 21088 Hwy 71, Suite 6 & 7, Pineville, MO 64856.

7. Plaintiff is informed and believes, and alleges thereon that Defendants, Becky Ann Evans, John David Evans, Andrew Charles Evans, and Lisa Lynn Andersen are/were owners, and/or operators, and/or licensees, and/or permitees, and/or persons in charge, and/or individual with dominion, oversight and management of the commercial establishment doing business as Legend's Bar & Grill at 21088 Hwy 71, Suite 6 & 7, Pineville, MO 64856.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

8. Plaintiff, Joe Hand Promotions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-7, inclusive, as through set forth herein at length.

9. By contract, Plaintiff, Joe Hand Promotions, Inc., paid for and was thereafter granted the exclusive nationwide television distribution rights to *"Ultimate Fighting Championship 100: Making History"* telecast which took place on July 11, 2009, in Las Vegas, Nevada (this

included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

10. Pursuant to contract, Plaintiff, Joe Hand Promotions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Missouri, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

11. As a commercial distributor of sporting events, including the Program, Plaintiff, Joe Hand Promotions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

12. With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, the above-named Defendant(s) and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at their Pineville, MO location (21088 Hwy. 71, Suite 6 & 7, Pineville, MO 64856). Said unauthorized interception, publication, exhibition and divulgence by the Defendant(s), which was an interstate transmission (Nevada to Missouri), was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

13. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff, Joe Hand Promotions, Inc., had the distribution rights thereto).

14. By reason of the aforesaid mentioned conduct, the aforementioned Defendant(s) violated Title 47 U.S.C. Section 605, *et seq.*

15. By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq.,* Plaintiff, Joe Hand Promotions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 605.

16. As the result of the aforementioned Defendant(s) violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff, Joe Hand Promotions, Inc., is entitled to the following from Defendant(s):

    (a)    Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(i)(II), and also;
    (b)    Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also;
    (c)    the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. 605(e)(3)(B)(iii).

3

Case 3:15-cv-05030-SRB   Document 1   Filed 04/03/15   Page 3 of 5

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

17. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-16, inclusive, as though set forth herein at length.

18. The unauthorized interception, exhibition, publication and divulgence of the Program by the above-named Defendant(s) is prohibited by Title 47 U.S.C. Section 553 *et seq.*

19. By reason of the aforesaid mentioned conduct, the aforementioned Defendant(s) violated Title 47 U.S.C. Section 553, *et seq*.

20. By reason of the Defendant(s) violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff, Joe Hand Promotions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

21. As the result of the aforementioned Defendant(s) violation of Title 47 U.S.C. Section 553, and pursuant to Section 553, Plaintiff, Joe Hand Promotions, Inc., is entitled to the following from each Defendant(s):

 (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(A)(ii), and also;
 (b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(B) and also;
 (c) the recovery of full costs pursuant to Title 47 U.S.C. Section 553(c)(2)©, and also;
 (d) and in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)©.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT III

### (Conversion)

22. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-21, inclusive, as though set forth herein at length.

23. By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned Defendant(s), tortuously obtained possession of the Program and wrongfully converted it to their own use and benefit.

24. The aforesaid acts of the Defendant(s) were willful, malicious, and intentionally designed to harm Plaintiff, Joe Hand Promotions, Inc., and to subject said Plaintiff to economic distress.

25. Accordingly, Plaintiff, Joe Hand Promotions, Inc., is entitled to both compensatory,

as well as punitive damages, from the aforementioned Defendant(s) as the result of the Defendant(s) egregious conduct and conversion.

WHEREFORE, Plaintiff prays for judgment as set forth below.

As to the First Count:

1. For statutory damages in the amount of $110,000.00 against Defendant(s), and;
2. For reasonable attorney's fees pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable court may deem just and proper.

As to the Second Count:

1. For statutory damages in the amount of $60,000.00 against Defendant(s), and;
2. For reasonable attorney's fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable court may deem just and proper.

As to the Third Count:

1. For compensatory damages in an amount according to proof against Defendant(s), and;
2. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
3. For such other and further relief as this Honorable court may deem just and proper.

THE VOGLER LAW FIRM, P.C.

By: /s/Vincent D. Vogler
VINCENT D. VOGLER (FED #25030MO)
Attorney for Plaintiff
Two City Place Drive, Suite 150
Post Office Box 419037
St. Louis, MO 6314109037
(314) 567-7970
(314) 567-5053 (Fax)
Email: voglaw@earthlink.net

83647 032315 MAK bm

5
Case 3:15-cv-05030-SRB   Document 1   Filed 04/03/15   Page 5 of 5