IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-5030-CV-SW-ODS |
| IN YOUR EAR, LLC, et al., | ) |
| Defendants. | ) |

ORDER AND OPINION DENYING DEFENDANTS'
MOTION TO ENFORCE SETTLEMENT AND MOTION TO DISMISS

Pending before the Court is Defendants' Motion to Enforce Settlement Agreement and Motion to Dismiss. Doc. # 4. The Motion is denied.

I. Background

On July 1, 2011, Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") filed its first suit against several defendants including In Your Ear LLC ("IYE") and Becky Ann Evans ("Evans"), claiming Joe Hand had exclusive distribution rights to a pay-per-view program that defendants published without authorization. Based on these allegations, Joe Hand claimed defendants violated 47 U.S.C. §§ 553 and 605 and committed the tort of conversion. *See Joe Hand Promotions, Inc. v. In Your Ear, LLC, et al.*, No 11-CV-3226, Doc. #1.

On April 29, 2014, the Court issued an Order reminding the parties of the pretrial conference scheduled for May 16, 2014. Doc. #68. The parties then advised that they had agreed to a resolution of the case. Doc. #69. However, the undersigned's Courtroom Deputy informed the parties that the pretrial conference would not be canceled unless the case was dismissed. *Id.* Despite this information, the parties failed to take part in the pretrial conference. On May 19, 2014, the Court dismissed the case without prejudice for failure to prosecute and for failure to obey the Court's orders,

noting that the dismissal "may deprive Plaintiff of some of its bargaining position, and it may deprive Defendant of the final peace it sought in settling the matter. These consequences are of the parties' own making." *Id.*

On April 3, 2015, Joe Hand filed a new lawsuit against almost identical defendants and asserting almost identical claims as in its 2011 suit. Thereafter, IYE and Evans filed a motion, maintaining this Court should enforce the alleged settlement agreement reached during the 2011 suit and dismiss this case.

## II.  Discussion

IYE and Evans do not cite any legal authority which would give this Court the power to enforce a settlement agreement entered into during the pendency of *another* case. The Court has the authority to enforce a settlement agreement if that agreement had been approved and incorporated into a court order. *Jenkins v. Kansas City Missouri School Dist.*, 516 F.3d 1074, 1081 (8th Cir. 2008); *Gardiner v. A.H. Robins Co., Inc.*, 747 F.2d 1180, 1194, n. 13 (8th Cir. 1984). However, during the 2011 lawsuit, the Court did not approve a settlement agreement, nor did the Court incorporate a settlement agreement into a court order.

The Court also would have the authority to enforce a settlement agreement entered into by the parties in a pending case. *Gardiner v. A.H. Robins Co., Inc.*, 747 F.2d 1180, 1194, n. 13 (8th Cir. 1984); *Wilkins v. Anadarko Industries, L.L.C.*, No. 13-cv-908, 2013 WL 5312717 at *1 (E.D. Mo. Sept. 20, 2013); *Criner v. White*, No. 09-cv-237, 2010 WL 891624 at *1 (E.D. Mo. March 8, 2010). While *this* case certainly remains pending before the Court, the parties did not enter into any alleged agreement during the pendency of *this* case. Rather, the parties allegedly entered into an agreement during the 2011 case, and that case is no longer pending before this Court.

As best the Court can discern, IYE and Evans have merely presented an affirmative defense, and like all affirmative defenses, its resolution is governed by the Federal Rules of Civil Procedure. Two procedural devices allow the Court (as opposed to a jury) to resolve a party's claims or defenses. IYE and Evans may have been attempting to assert this argument under FRCP 12(b)(6), but the parties have presented materials outside the pleadings. Thus, if this court were to consider these materials in

issuing its decision, the motion to dismiss would be transformed into a motion for summary judgment under FRCP 56.  *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, FN 9 (8th Cir. 1997); *see also* FRCP 12(d).  The Court's preliminary review of these materials indicates that, at this juncture, disputed issues of material fact remain (though these disputes may no longer exist after the parties engage in discovery) and that partaking in summary judgment procedures is premature.

For the foregoing reasons, the Court does not have the power to enforce an alleged settlement agreement entered into by the parties during a 2011 lawsuit.

## Conclusion[1]

IYE and Evans's Motion to Enforce Settlement Agreement and Motion to Dismiss is denied.  Doc. #4.

IT IS SO ORDERED.

DATE: August 4, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] On July 21, IYE and Evans filed, out of time, their Reply Suggestions in Support of their Motion to Enforce Settlement and Motion to Dismiss.  Doc. #11.  Therein, IYE and Evans request this Court extend the time to file their Answers in this case.  The Court's review of the docket indicates that service of process has not been executed as to Evans.  Doc. #6.  Additionally, the docket does not reflect the status of service with respect to IYE.  Thus, the Court cannot determine when IYE's and Evans's Answers are due.  Moreover, IYE and Evans have not indicated whether Plaintiff consents to this extension request, or whether Plaintiff's consent was sought.  Finally, IYE and Evans have not supplied the Court with a proposed deadline. Accordingly, IYE's and Evans's request for an extension to file their Answers in this case is denied without prejudice.